**Vartan Enterprises Inc. v.
Susquehanna Township**

C.P. of Dauphin County, no. 1497 S 1998.

*Thomas W. Scott,* for plaintiffs.
*Robert G. Hanna Jr.,* for defendants.

TURGEON, *J.,* June 3, 1998—Defendants seek a protective order precluding plaintiffs from pursuing pre-complaint discovery. Plaintiffs Vartan Enterprises Inc. and Vartan Supply Company commenced this current action April 9, 1998 by issuance of a writ of summons on defendants Susquehanna Township, its Board of Commissioners, in both their individual and official capacities, and its zoning officer and building inspector.[1] A few days after commencement of suit, plaintiffs filed interrogatories, request for production of documents and deposition notices on the zoning officer and building inspector, respectively. The notices on all requests include the following:

"Brief Statement To Support Discovery For Purpose Of Preparing A Complaint

"On March 26, 1997, defendant, William E. Garber, issued building permit no. 16875 to Latsha Lumber Company, predecessor to plaintiff, Vartan Supply Com-

---

1. These parties had been involved in related litigation. *Susquehanna Township v. Vartan Enterprises Inc. and Vartan Supply Company and the Ainjar Trust, John O. Vartan, Trustee,* no. 5450 Equity 1997 (Dauph. C.P. Sept. 18, 1997), *rev'd,* no. 2864 C.D. 1997 (Pa. Commw. April 3, 1998).

pany, for the construction of two concrete pads (one 12' x 400' and one 4' x 400') for precast concrete beams and columns. On May 28, 1997, other individual defendants, acting in concert as the Susquehanna Township Board of Commissioners, revoked building permit no. 16875. Thereafter, the validity of the revocation of permit no. 16875 was reviewed by the Commonwealth Court of Pennsylvania, which entered an order at 2864 C.D. 1997 on April 3, 1998, declaring that the action of the commissioner defendants revoking the building permit was illegal. The equity action instituted against plaintiff Vartan Supply at no. 5450 Equity 1997, Dauphin County Court of Common Pleas by defendant commissioners to enjoin plaintiffs from proceeding under building permit no. 16875 was ordered dismissed by the Commonwealth Court, authorizing plaintiffs to proceed pursuant to the permit. Shortly after receiving notice that the Commonwealth Court had declared the commissioners' May 1997 revocation of permit no. 16875 illegal, defendants Kessler and Garber signed a letter dated April 6, 1998 purporting to revoke building permit no. 16875 yet again and setting forth 'reasons.' The action of the defendants, in their individual and/or official capacities, and the actions of the municipal defendants as an employer and public entity have inter alia deprived the plaintiffs of legally protected rights under color of state law. Plaintiffs' rights under the Municipalities Planning Code, the Sunshine Law, the Susquehanna Township Zoning Ordinance and other statutes have been violated. In addition, plaintiffs believe defendants have tortiously interfered with contractual, civil and legal rights and have conspired to otherwise violate the law. Plaintiffs required discovery in order to prepare a proper complaint to determine who participated in the permit revocation, the moti-

vations associated with the revocation, and the procedures by which the revocation came about."

The Rules of Civil Procedure regarding discovery contemplate the types of pre-complaint discovery sought by plaintiffs here (depositions, interrogatories and document production), as follows:

"4001(c)—Subject to the provisions of this chapter, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery, or *for preparation of pleadings,* or for preparation or trial of a case, or for use at a hearing upon petition, motion or rule, or for any combination of the foregoing purposes.

"4009.11(a)—The request [for documents and things] may be served without leave of court upon the plaintiff after commencement of the action and upon any other party *with or after service of the original process* upon that party." Pa.R.C.P. 4001(c) and 4009.11(a), 42 Pa.C.S. (emphasis added)

Rule 4003.1(a) provides that "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Thus, the discovery rules do not limit the use of pre-complaint discovery. See *Cowell v. Borough of Penn Hills,* 34 D.&C.3d 539, 540-41 (Allegheny C.P. 1982).

Rule 4012 does permit that "for good cause shown, the court may make an order . . . to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense . . . ." Pa.R.C.P. 4012, 42 Pa.C.S. Defendants argue compliance with plaintiffs' discovery requests will cause them unrea-

sonable annoyance, burden, expense and oppression. Defendants argue plaintiffs know all the facts which give rise to their purported cause of action. We are unconvinced, however, that defendants have adequately articulated and supported good cause for protection from pre-complaint discovery. Their argument that plaintiffs know all the facts does not address the Rule 4012's essential conditions; that the discovery request causes unreasonable annoyance, embarrassment, oppression, burden or expense. Furthermore, plaintiffs deny they have all information necessary to specifically identify all proper causes of action and to identify all specific parties responsible for injuring plaintiffs.

Defendants also argue that they have shown good cause for protection from pre-complaint discovery since the township is immune from suit and the Board of Commissioners, in either capacity, may be immune. While the township might be immune from some civil actions, immunity does not exist for all statutory actions, mandamus actions, declaratory actions or civil rights actions. Thus, defendants' motion fails to meet the standard of good cause shown.

The only remaining issue is whether the discovery sought is relevant to the subject matter involved in the pending action. Pa.R.C.P. 4003.1(a). We believe they do. The detailed discovery notices, quoted above, set forth the basis upon which the plaintiffs seek material relevant to the pending action.

Accordingly, we enter the following:

ORDER

And now, June 3, 1998, defendants' motion for protective order is hereby denied.